**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

The Trustees of the Minnesota
Cement Masons and Plasterers
Fringe Benefit Funds,

                    Plaintiffs,

vs.

Keith Rule, Inc., a Minnesota
corporation, and Gregory K. Rule,

                    Defendants.

Civil File No. 06-205 RHK/RLE

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW,**
**AND ORDER**

---

    Rosene, Haugrud & Staab, Chartered, by Stephen C. Kelly, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

No appearance was made by the Defendant.

---

    This matter came on for hearing before the Court on April 12, 2006, on Plaintiffs' motion for entry of Defendants' default, and for default judgment.

    Upon all files, records and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1.    The Defendants were served with the Summons and Complaint in the present action on January 23, 2006.

2.    Co-Defendant Gregory K. Rule is neither an infant nor an incompetent person.

3.    Defendants have failed to Answer, or otherwise defend, and are in default.

4. Defendants are signatory to the Northern Minnesota / Northwestern Wisconsin Area Independent Plastering Contractors 9A Acceptance Agreement ("the Acceptance Agreement"), which binds Defendants to the Northern Minnesota and Northwestern Wisconsin Area Agreement between the Independent Northern Area Lathing and Plastering Contractors and Cement Masons, Plasterers and Shophands Local No. 633 effective May 1, 2004 to April 30, 2007 ("the Collective Bargaining Agreement").

5. Pursuant to the above-referenced Collective Bargaining Agreement, Defendants are obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Plaintiffs' TPA conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

Based on its review, the Court reaches the following:

### CONCLUSION OF LAW

Plaintiffs' motion for entry of Defendants' default and for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

Based on the foregoing, IT IS HEREBY ORDERED:

### ORDER

1. Defendants are in default, and Plaintiffs are entitled to judgment against Defendants, jointly and severally, for delinquent fringe benefit contribution payments, together with interest, liquidated damages, audit fees, attorney fees, and costs.

2. Defendants, and each of them, are to submit forthwith to Plaintiffs' Third-Party Administrator ("TPA") all delinquent fringe benefit contribution Report Forms and pay forthwith fringe benefit contribution payments for all months for which Defendants are delinquent, together with interest and liquidated damages.

3. Defendants, and each of them, are to submit forthwith to Plaintiffs' TPA all their books and records for an audit disclosing the amount of unpaid fringe benefit contribution payments.

4. The Defendants, and each of them, shall cooperate in all ways with this audit.

5. Defendants, and each of them, are required to post with Plaintiffs' TPA a cash or surety bonds in an amount determined by Plaintiffs of not less than $10,000.00 to the Minnesota Cement Masons and Plasterers Fringe Benefit Funds.

6. Defendants, acting through their directors, officers, agents, servants, employees, shareholders, and all persons acting in privity or in concert with it, are MANDATED to submit to Plaintiffs' TPA all fringe benefit contribution Report Forms and all fringe benefit contribution payments as they become due.

7. Upon completion of the fringe benefit compliance audit of Defendants' books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, and audit fees.  Upon the Court's approval of Plaintiff's attorney's affidavit, the Clerk of Court shall enter judgment against Defendants, jointly and severally, in the amount stated in the affidavit.

Dated:  April 12, 2006            s/Richard H. Kyle
                                  RICHARD H. KYLE
                                  United States District Judge